# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
JORGE PEREZ and TERESA PEREZ, \*
as the parents and natural guardians of, \*   No. 15-331V
J.P., a minor, \*   Special Master Christian J. Moran
                                                    \*
               Petitioners, \*
                                                    \*   Filed: May 16, 2019
v. \*
                                                    \*   Attorneys' Fees & Costs.
SECRETARY OF HEALTH \*
AND HUMAN SERVICES, \*
                                                    \*
               Respondent. \*
* * * * * * * * * * * * * * * * * * * * *

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner;
Claudia B. Gangi, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

     Jorge and Teresa Perez brought a successful petition for compensation in the National Childhood Vaccine Compensation Program, 42 U.S.C. §§300aa-10 through 34 (2012). They now seek an award for attorneys' fees and costs. They are awarded $102,634.28.

                                          \*       \*       \*

     Represented by Mark Sadaka, the Perezes filed their petition for compensation on April 1, 2015. In their petition, petitioners alleged that the hepatitis A vaccine, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), and which the Perezes' child, J.P., received on August 27, 2012, caused J.P. to suffer chronic inflammatory demyelinating polyneuropathy (CIDP).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Thanks to the efforts of both Mr. Sadaka and the Secretary's attorney, Ms. Claudia Gangi, after a mediation, the parties were able to resolve the case informally. The parties submitted a joint stipulation that was adopted as the decision on this petition. Decision, issued Mar. 4, 2019, 2019 WL 1529521.

On April 30, 2019, petitioners moved for reimbursement of attorneys' fees and costs, requesting $48,246.84 in attorneys' fees and $57,137.44 in attorneys' costs. Pet'rs' Mot. for Attorneys' Fees and Costs, exhibit A. Petitioners also request $2,500.00 in costs personally incurred to establish a guardianship for J.P. Id., exhibit C.

The next day, respondent filed his response to petitioner's motion. In his response, respondent stated that he was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and deferred to the undersigned's discretion to "determine a reasonable award for attorneys' fees and costs." Resp't's Resp., filed May 1, 2019, at 2. Petitioner submitted a short reply on May 2, 2019. Petitioners filed a signed statement in compliance with General Order No. 9 on May 13, 2019.

This matter is now ripe for adjudication.

\*   \*   \*

Because the Perezes received compensation, they are entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the Perezes requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.  Reasonable Hourly Rate

Mr. Sadaka and his associates' hourly rates are largely in accordance with rates previously awarded by other special masters. See, e.g., Wright v. Sec'y of Health & Human Servs., No. 15-1436, 2018 WL 6828711, at *4 (Fed. Cl. Spec. Mstr. Nov. 27, 2018). However, this case appears to be the first where Mr. Sadaka's firm has requested compensation for work performed in 2019. The rates requested for 2019 are $405[2] per hour for Mr. Sadaka and $156 per hour for his paralegals. The proposed increase from the 2018 rates is generally in line with the year-over-year increase favored in McCulloch and adopted by the special masters in this Program. See McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Although Mr. Sadaka's rates are at the high-end of the forum rates suggested by McCulloch, Mr. Sadaka has the skills and abilities justifying this rate. Accordingly, the undersigned finds Mr. Sadaka's requested rates to be reasonable.

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Mr. Sadaka's billing statement shows that he worked with a high level of efficiency. Mr. Sadaka appropriately relied on skilled and experienced paralegals to assist him with the type of work that must be completed in this Program but does not necessitate a lawyer's time and a lawyer's fee.

Accordingly, the undersigned finds that the number of hours billed by Mr. Sadaka and his team is reasonable for this petition.

C.  Costs

Petitioners also request $57,137.44 in costs incurred by their attorney. These costs are mostly accounted for by $19,250.00 for reports from Dr. Lawrence Steinman, $14,875.00 for an expert report from Dr. Eric Gershwin, $11,524.22 for a life care planner, and $7,588.94 in costs and fees for the mediation. In addition, petitioners

---

[2] Petitioners' motion mistakenly indicates that Mr. Sadaka requested $406 per hour for 2019. Pet'rs' Mot. for Attorneys' Fees and Costs at 2. This appears to be a typographical error since the timesheets indicate that Mr. Sadaka charged $405 per hour. Id., exhibit A at 2.

3

request reimbursement for routine costs, including the court's filing fee, medical records, and mailing costs. With the exception of Dr. Gershwin's invoice, all the requested costs are reasonable and awarded in full.

Dr. Gershwin's invoice is problematic. Special masters are required to independently review all fees and costs requests to determine that all amounts are reasonable before granting an award under the Vaccine Act. McIntosh, 139 Fed. Cl. at 250. Dr. Gershwin's invoice frustrates this statutory obligation. Dr. Gershwin's invoice simply lists six dates and the number of hours worked on those dates. No other information is provided that would facilitate the undersigned's independent evaluation of the reasonableness of the expense. See Pet'rs' Mot. for Attorneys' Fees and Costs, exhibit B, at 26. Dr. Gershwin has had many years of experience in this Program and it is not clear why Dr. Gershwin would think an invoice of this nature would be sufficient either in this Program or with other clients.

To assist in an analysis of the reasonableness of Dr. Gershwin's invoice, the undersigned has compared the two reports prepared by Dr. Steinman, exhibits 19 and 24, with the report prepared by Dr. Gershwin, Pet'rs' Mot. for Attorneys' Fees and Costs, exhibit D. Dr. Steinman's initial report has substantially more analysis than Dr. Gershwin's and Dr. Steinman also supported his opinion with a responsive report after the Secretary filed a rebuttal from his expert.

Accounting for the apparent differences in the amount of work performed by Drs. Gershwin and Steinman and Dr. Gershwin's failure to otherwise account for his requested hours, the undersigned finds it reasonable to pay Dr. Gershwin 50% of the amount requested by Dr. Steinman, or $9,625.00. This results in a reduction of $5,250.00.

Petitioners also request $2,500.00 in costs they personally incurred in setting up a guardianship for J.P. These types of costs have recently been upheld as compensable under section 15(e) of the Vaccine Act. McCulloch v. Sec'y of Health & Human Servs., No. 2018-2046, 2019 WL 1966796, at *5 (Fed. Cir. May 3, 2019). Accordingly, because the amount requested is reasonable, these costs are also awarded in full.

*   *   *

As a concluding note, the undersigned appreciates Mr. Sadaka's efforts to submit a fees motion that is in accordance with the precedent in this Program. The quality of the motion facilitated its relatively speedy adjudication. Furthermore, while this fees motion was a fitting time to comment on Mr. Sadaka's performance, an opportunity the undersigned took advantage of in this decision, Ms. Gangi's characteristically good work in this case must also be recognized. Both attorneys effectively advocated for their

clients' interests while also effectuating the broader objectives of the Program. They should both be proud of their efforts.

For the reasons stated above, petitioner is awarded:

1. **A lump sum of $100,134.28 in the form of a check made payable to petitioners and petitioners' attorney, Mark Sadaka.**

2. **A lump sum of $2,500.00 in the form of a check made payable to petitioners.**

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
